**Ex Parte Harold Eugene MEADE.**

**No. 54527.**

Court of Criminal Appeals of Texas.

April 27, 1977.

Carol S. Vance, Dist. Atty., and Clyde F. DeWitt, III, Asst. Dist. Atty., Houston, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Judge.

This is an appeal from an order entered in a habeas corpus proceeding in the 177th District Court of Harris County.

The record, not as well developed as it should have been, reflects that appellant was indicted for burglary of a building in the 209th District Court of Harris County. On April 1, 1976, a jury in a pre-trial competency hearing found the petitioner presently incompetent to stand trial and further found there was no substantial probability that he will attain the competency to stand trial within the foreseeable future. Under these circumstances, the case was thereafter transferred to the Harris County Court for the purpose of instituting civil commitment proceedings pursuant to Article 46.02, § 6(a), Vernon's Ann.C.C.P., which reads in substance:

"If a defendant is found incompetent to stand trial and there is found no sub-

stantial probability that he will become competent in the foreseeable future . . . the court shall transfer the defendant to the appropriate court for civil commitment proceedings and may order the defendant detained in jail or other suitable place *pending the prompt initiation and prosecution by the attorney for the state or other person designated by the court* of appropriate civil proceedings to determine whether defendant will be committed to a mental health or mental retardation facility, or the court may give the defendant into the care of a responsible person on satisfactory security being given for his proper care and protection; *otherwise the defendant shall be discharged.*" (Emphasis Supplied.)

The case was apparently transferred from the constitutional County Court of Harris County to Probate Court No. 1 of Harris County. The judge of said probate court transferred petitioner to the Rusk State Hospital in Cherokee County for a ninety (90) day temporary commitment beginning on May 4, 1976, pursuant to the provisions of Article 5547–31, Vernon's Ann.C.S., Texas Mental Health Code, which provides:

"A sworn Application for Temporary Hospitalization of a proposed patient *may be filed* with the county court of the county in which the proposed patient resides or is found. The Application may be made by any adult person, or by the county judge, and shall state upon information and belief that the proposed patient is not charged with a criminal offense *or that he is charged with a criminal offense and has been transferred to the appropriate court for civil commitment proceedings pursuant to Section 6 of Article 46.02, Code of Criminal Procedure,* that he is mentally ill, and that for his own welfare and protection or the protection of others he requires observation and/or treatment in a mental hospital." (Emphasis supplied.)

On June 25, 1976, Dr. Robert Sheldon, Superintendent of Rusk State Hospital, notified the Judge of Harris County Probate Court No. 1, who had committed the petitioner, that the petitioner had been evaluated by the review board of the Texas Department of Mental Health and Mental Retardation as "manifestly dangerous" and "IS DANGEROUS" and that he had been placed in maximum security. Dr. Sheldon pointed out that the present commitment expired on July 28, 1976, and since further hospitalization is indicated, that a hearing for indefinite commitment should be held in Harris County where the charges were pending. The Judge of the Harris County Probate Court No. 1 wrote Dr. Sheldon that in his opinion the indefinite commitment should be instituted in Cherokee County under Article 5547–41, Vernon's Ann.C.S., Texas Mental Health Code, which states in part:

"A sworn Petition for indefinite commitment of a person to a mental hospital *may be filed* with the *county court of the county in which the proposed patient is hospitalized,* or if he is not hospitalized, the county in which he resides or is found." (Emphasis supplied.)

The probate judge offered to have Harris County pay the expenses of the commitment proceedings. Whether any effort was made to institute proceedings in Cherokee County is not reflected by the record before us.

On September 15, 1976, Dr. Sheldon wrote the sheriff of Harris County that the petitioner was being returned to his custody as his commitment had expired with the notification that the petitioner could be returned after an indefinite commitment in a court proceeding. The letter expressed the opinion that the petitioner had not yet achieved competency. The certificate of discharge from the hospital stated the petitioner was being discharged to the County Criminal Court of Harris County.[1] The petitioner was taken into custody on Septem-

---

1. Obviously the hospital staff who drafted the certificate of discharge did not observe in which court the temporary commitment occurred.

ber 15, 1976 and placed in the Harris County Rehabilitation Center. On February 15, 1977, the sheriff wrote the County Judge of Harris County and the Judge of the 209th District Court expressing his deep concern and pointing out the petitioner had been in jail without any action having been taken for five months after petitioner's return to Harris County. He expressed his opinion the continued confinement in jail of an individual deemed incompetent by the staff at Rusk State Hospital was in violation of Article 5115, Vernon's Ann.C.S., and a December 16, 1975 order of United States District Judge Carl O. Bue, Jr.[2] He expressed the hope that some appropriate authority would act in the case immediately.

On February 22, 1977 an application for writ of habeas corpus was filed in the 177th District Court seeking petitioner's release. On February 25, 1977 that court, after hearing, denied relief but ordered petitioner committed to the "Harris County Psychiatric Unit in the psychiatric hospital."

Notice of appeal was given to this court.

■ We initially note that under petitioner's present circumstances he could be held in custody indefinitely, without a valid court commitment which would deny petitioner due process and equal protection of the law. See and compare *Greenwood v. United States*, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412 (1956); *Humphrey v. Cady*, 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972). It is equally well settled that a state prisoner would be denied equal protection if he was deprived of a jury trial for civil commitment proceedings that the State makes generally available to all other persons civilly committed. See *Baxstrom v. Herold*, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966).

We further note that the United States Supreme Court in *Jackson v. Indiana*, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), held:

". . . a person charged by a State with a criminal offense who is committed

solely on account of his incapacity to proceed to trial *cannot be held more than the reasonable period of time* necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant." (Emphasis supplied.)

■ Therefore, it is clear that in the case at bar petitioner has a constitutional right to a "prompt initiation and prosecution" of appropriate civil proceedings to determine whether he should be committed. See Article 46.02, § 6(a), supra; *Jackson v. Indiana*, supra. At the present time, petitioner is being held in Harris County, the venue of the criminal prosecution and the original finding of incompetency to stand trial. Therefore, under the facts of this case, venue lies in Harris County for any civil commitment proceedings for the petitioner is to be found there. The Judge of the Harris County Probate Court No. 1 or the "Attorney for the State"[3] should immediately and promptly initiate immediate civil commitment proceedings pursuant to the provisions of Article 5547–41, Vernon's Ann.C.S., Texas Mental Health Code.

While the petitioner was hospitalized in Cherokee County, the site of the Rusk State Hospital, the indefinite commitment should have been conducted there under Article 5547–41, supra. It is not clear from this record why the proceedings were not conducted there. We are not advised by this poorly developed record whether the staff of the hospital did not attempt to initiate such proceedings there or whether Cherokee County officials opposed initiation of such proceedings because the hospital patient was committed from another county and to prevent a heavy burden being cast upon its judicial resources and upon its citizens of the county to act as jurors. Under any circumstances the petitioner is now in

2. A copy of such order is not in the record before us.

3. See Article 46.02, § 6(a), supra.

Harris County and that is where action should be taken.

 There can be no question but what the petitioner has been denied a prompt and speedy initiation of proceedings. However, we cannot hold that petitioner is entitled to immediate release, but he is entitled to a prompt jury trial[4] to determine whether he is to be civilly committed, or otherwise supervised, or discharged.

Whatever the wisdom of requiring an individual charged with a crime who has been found incompetent to stand trial by a jury with no substantial probability that he will become competent in the foreseeable future to be transferred to a civil court for commitment proceedings, there can be no excuse for the tragic picture painted by this appeal.

Thirty days from the date of this opinion shall be given for the proper officials to institute the proper proceedings. If such action is not taken within such time, then the petitioner shall be ordered discharged from further custody.

It is so ordered.

DOUGLAS and ODOM, JJ., concur in the results.

---

4. It does not appear from this record that the indictment against the petitioner has been dismissed so a jury trial would be necessary. Article 5547–44, Vernon's Ann.C.S., Texas Mental Health Code.